IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EDGAR J. MARTIN, Jr., | : |
| Plaintiff, | : |
| v. | : Case No. 5:21-cv-00155-TES-CHW |
| Warden FORD, *et al.*, | : |
| Defendants. | : |

**ORDER**

Plaintiff Edgar J. Martin, Jr., an *pro se* state inmate, was ordered to show cause why his case should not be dismissed after he failed to respond to a previous order requesting additional service information for Defendant Smith. [Doc. 23]; [Doc. 25]. Plaintiff was cautioned that a failure to respond would result in a recommendation of dismissal under Rule 4(m) of the Federal Rules of Civil Procedure. [Doc. 25]. Plaintiff did not respond.

Rule 4(m) of the Federal Rules of Civil Procedure provides that when a plaintiff fails to serve process within 90 days of filing a complaint and does not show good cause for his failure, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Generally, "the failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1288 (11th Cir. 2009). However, the Eleventh Circuit has indicated that such action is proper only "as long as the court-appointed agent can locate the prison-

1

guard defendant with *reasonable effort*." *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (emphasis added).

The Court informed Plaintiff of his duty to provide additional service information so that Defendant Smith could be served, [Doc. 23], and when that request went unasnswered, Plaintiff was ordered to show cause why his case should not be dismissed for failing to respond. [Doc. 25]. It has now been five months since Plaintiff was ordered to show cause why this case should not be dismissed and over one year since service was first attempted for Defendant Smith. Because the Court has been unable to locate and serve Defendant Smith based on the limited information originally provided by Plaintiff, and because Plaintiff has failed to provide additional service information as directed, the Court has exhausted all reasonable efforts to locate and serve Defendant Smith on Plaintiff's behalf. There is no good cause to extend the time for service further. It is **ORDERED** that Plaintiff's case is **DISMISSED without prejudice** under Rule 4(m) of the Federal Rules of Civil Procedure.[1]

**SO ORDERED**, this 1st day of February, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court notes that the Order to Show Cause [Doc. 25] states that failure to respond to the Order will result in a recommendation of dismissal from the magistrate judge. However, given the fact that it has now been five months since Plaintiff was ordered to show cause why this case should not be dismissed, the Court finds a recommendation to dismiss unnecessary.